## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **ALDON MARTINEZ,** *individually and on behalf of all others similarly situated,* <br><br> **Plaintiff,** <br><br> -v- <br><br> **EQUIFAX INFORMATION SERVICES, LLC,** <br><br> **Defendant.** | Civil Case Number: <br><br> <u>**CIVIL ACTION**</u> <br><br> **CLASS ACTION COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

## **<u>COMPLAINT</u>**

Plaintiff Aldon Martinez ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### **<u>PRELIMINARY STATEMENT</u>**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA further imposes a duty to conduct reasonable investigations if the completeness or accuracy of an item being reported is disputed by a consumer.

5. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

6. Plaintiff, Aldon Martinez ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that Equifax has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' credit reports that contained logically inconsistent credit reporting.

7. Plaintiff further brings an individual claim against Equifax for its failure to conduct a reasonable investigation after receiving a dispute from the Plaintiff.

8. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

9. Plaintiff is a natural person and resident of Polk County in the State of Florida and qualifies as a "consumer" as defined and protected by the FCRA.

10. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of

assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.     Equifax Information Services, LLC is a limited liability company with its principal office located in Atlanta, Georgia.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Indiana and violated Plaintiff's rights under the FCRA in the State of Florida as alleged more fully below.

13.     Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

14.     On April 17, 2020, Plaintiff paid off a mortgage with Planet Home Lending, LLC and received a Satisfaction of Mortgage.

15.     The fact that the mortgage was paid off in April of 2020 was reflected with all three national credit reporting agencies. Since April of 2020 all three credit bureaus, including Defendant, have reported the Planet Home Lending, LLC tradeline as paid off with a last payment date in April of 2020.

16.     On or around May of 2024, Plaintiff applied for and was denied various loans and an apartment due to inaccurate and inconsistent reporting on his Equifax credit report.

17. For example, Plaintiff was notified that he was denied an apartment with FirstKey Home Orlando because his credit report listed him as having late payments on a mortgage within the last 24 months.

18. Understandably surprised due to the fact that Plaintiff paid off his mortgage over 24 months prior to his applying, Plaintiff downloaded all three of his credit reports to figure out what the issue was.

19. On May 20, 2024, Plaintiff downloaded his Experian credit report which accurately reflected a paid and closed account with Planet Home Mortgage with no late payments after April of 2020.

20. On May 20, 2024, Plaintiff downloaded his Transunion credit report which accurately reflected a paid and closed account with Planet Home Mortgage with no late payments after April of 2020.

21. On May 20, 2024, Plaintiff downloaded his Equifax credit report which accurately reflected that the account was paid and closed, accurately reported a date of last payment of April 2020, however, reported late payments in January, February, March, April, June, and July of 2023.

22. Plaintiff was shocked as the late payments reported by Equifax were both inaccurate and logically inconsistent. One cannot be late paying an account that was paid and closed years prior.

23. As such, Plaintiff disputed the late payments directly with Equifax.

24. Equifax received Plaintiff's dispute, however, failed to conduct a reasonable investigation.

25. On June 11, 2024, Equifax sent Plaintiff a response to his dispute and verified the late payments being reported in 2023.

26. As a result of Defendant's reporting, Plaintiff was denied numerous credit opportunities and housing.

27. As a further result of Defendant's reporting, Plaintiff suffered defamatory harm by having misleading information published to potential creditors and landlords.

28. Upon information and belief, Plaintiff has maintained woefully insufficient procedures for maintaining the accuracy of the consumer reports it produces and provides to third parties.

29. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

30. Upon information and belief, Defendant fails to have such procedures, as it allows for logically inconsistent information to appear on consumer's reports, despite the FCRA and CFPB specifically proscribing otherwise.

31. As a direct result of Defendant's incomplete and misleading reporting, Plaintiff and the Class members have been damaged. For example, derogatory and incomplete information was disseminated to Plaintiff's and the Class members' potential creditors.

32. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

33. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under

15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

34. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this incomplete and misleading derogatory information has had on their ability to secure housing.

## **CLASS ALLEGATIONS**

35. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

36. The Class is defined as follows:

> **All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer report that contained late payments on a paid off account that postdated the date of last payment.**

37. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

38. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

39. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically

dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

40. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

   a. Whether the Defendant willfully and/or negligently violated the FCRA by including incomplete and misleading adverse criminal case information in consumer reports;

   b. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

   c. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

   e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

41. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

42. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and

class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

43. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

44. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION
### COUNT I
**Violation of the FCRA, 15 U.S.C. § 1681e(b)**
*Individually and on Behalf of All Others Similarly Situated*

45. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of all others similarly situated.

47. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15

U.S.C. §1681e(b) (emphasis added).

48. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class.

49. This includes following procedures to ensure that it does not report logically inconsistent negative information on consumers credit reports.

50. However, Defendant failed to do so.

51. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report negative late payments that postdate the date of last payment on a paid off account.

52. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this incomplete and misleading adverse information from being reported in the first place.

53. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

54. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

### COUNT II
### Violation of the FCRA, 15 U.S.C. § 1681i
*Individually Only*

55. All preceding paragraphs are realleged.

56. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

57. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

58. In May of 2024, Plaintiff initiated a dispute with Equifax requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him.

59. Equifax received the Plaintiff's dispute letters, as evidenced by its response to Plaintiff.

60. However, Equifax never adequately investigated the Plaintiff's disputes, as required by the FCRA.

61. Instead, Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

62. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**DEMAND FOR JURY TRIAL**

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That judgment be entered in favor of Plaintiff individually against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

D. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

E. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

F. That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

i. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: November 8, 2024

By:   **MIAMI REALTY LAW GROUP PLLC**

By: /s/ Angel L. Lluvet, Esq.
Angel L. Lluvet, ESQ.
FBN 1019240
6625 Miami Lakes Dr. E Suite 327
Miami Lakes, FL 33014
Phone: (786) 444-9953
Fax: (305) 647-2878
Email: Angel@miamirealtylawgroup.com
Counsel for Plaintiff